UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

MARK ANDREW KALINA,

    Plaintiff,

v.

    CASE NO. 8:11-CV-98-T-30TGW

UNITED STATES, et al.,

    Defendants.

## REPORT AND RECOMMENDATION

THIS CAUSE came on for consideration upon the plaintiff's Motion for Leave to Proceed *In Forma Pauperis* (Doc. 15). The plaintiff alleges that a Veterans Hospital negligently prescribed him a toxic dosage of Lithium, which resulted in brain damage (Docs. 1, 15). Because the plaintiff failed to commence this lawsuit within the time period mandated by the Federal Tort Claims Act, I recommend that the complaint be dismissed.

I.

The plaintiff is incarcerated at Columbia Correctional Institution, in Lake City, Florida. In 2008, the plaintiff filed with the Department of

Veterans Affairs a claim for damages based on the allegation that the Veterans Hospital in Bay Pines, Florida, negligently prescribed him a toxic dosage of Lithium (see Doc. 1, pp. 10, 14, 33-34). The claim was denied in correspondence dated January 14, 2009 (id., pp. 11, 33).[1] The letter advised the plaintiff that, if he was dissatisfied with the decision, he could file within six months a lawsuit in federal court or submit a request for reconsideration of the claim, which the "VA must receive ... prior to the expiration of six (6) months from the date of the mailing of this final denial" (id., p. 33)(emphasis in original).

In response, the plaintiff did not file a lawsuit, but he did seek reconsideration of the denial of his claim in correspondence received by the Department of Veterans Affairs on July 16, 2009 (see id., p. 35). On March 1, 2010, the request for reconsideration was denied as untimely because it was received more than six months after the date of the denial (see id., p. 36, citing 28 C.F.R. 14.9(b)).[2]

---

[1] The denial letter stated that "[a] comprehensive investigation and review of the circumstances fails to reveal any wrongful act, omission, or breach of duty on the part of any Department of Veterans Affairs employee" (Doc. 1, p. 33).

[2] The plaintiff subsequently sent another letter to the Department of Veterans Affairs regarding the timeliness of his request for reconsideration, to which the Department of

On October 25, 2010, the plaintiff placed in the prison mail a lawsuit against the United States, and other unnamed defendants, based on his allegation that he was prescribed a toxic dosage of Lithium (Doc. 1). Specifically, the plaintiff alleges that he was prescribed double his normal dosage of Lithium for more than one year (id., p. 14). The lawsuit, filed in the United States Court for the District of Columbia on November 8, 2010, was subsequently removed to this court because the events giving rise to the complaint occurred in this district (Docs. 3, 7).

The plaintiff's complaint is construed as a claim under the Federal Tort Claims Act ("FTCA"), as he seeks money damages for the alleged negligence of employees of the United States. 28 U.S.C. 2671, *et seq*. As indicated, the *pro se* plaintiff seeks to proceed with his complaint *in forma pauperis* (Docs. 2, 15).

II.

Under 28 U.S.C. 1915(a)(1), the court may authorize the filing of a civil lawsuit without prepayment of fees if the affiant submits an affidavit that includes a statement of all assets showing an inability to pay the filing fee

---

Veterans Affairs reiterated in correspondence dated March 23, 2010, that the request for reconsideration was untimely (Doc. 1, p. 37).

and a statement of the nature of the action which shows that he is entitled to redress. However, even if the affiant proves indigency, the case shall be dismissed if the action is frivolous or malicious, or fails to state a claim upon which relief may be granted. 28 U.S.C. 1915(e)(2)(B)(i), (ii); 28 U.S.C. 1915A(b)(1). In this regard, 28 U.S.C. 1915A(a) directs that "[t]he court shall review, before docketing, if feasible or, in any event, as soon as practicable after docketing, a complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity." A review of the plaintiff's complaint and exhibits demonstrates that the complaint fails to state a claim upon which relief can be granted because it is time-barred under the FTCA.

The FTCA is a specific waiver of the sovereign immunity of the United States and must be strictly construed. Phillips v. United States, 260 F.3d 1316, 1318 (11th Cir. 2001). One condition of this waiver is that the "claimant shall have first presented the claim to the appropriate Federal agency and his claim shall have been finally denied by the agency in writing." 28 U.S.C. 2675(a). After the denial of an administrative claim, the claimant may, within "six months after the date of mailing ... of notice of final denial

of the claim," initiate a lawsuit or file a written request with the agency for reconsideration of the claim. 28 U.S.C. 2401(b); 28 C.F.R. 14.9(b). Further, if the claimant is unsatisfied with the resolution of the request for reconsideration, he has six months thereafter to file a lawsuit in the district court. See id.

In this case, the plaintiff's administrative claim was denied in correspondence dated January 14, 2009 (Doc. 1, p. 33). The plaintiff subsequently filed a request for reconsideration, but that request was denied as untimely because it was not received by the agency within six months after the denial of the claim (id., p. 37). See 28 C.F.R. 14.9(b)(the request for reconsideration must be "file[d] ... with the agency" within the six-month time period); Anderberg v. United States, 718 F.2d 976 (10th Cir. 1983), cert. denied, 466 U.S. 939 (1984)(timely filing under 28 C.F.R. 14.9(b) requires that the agency receive the request for reconsideration within the six-month period). Specifically, the Department of Veterans Affairs mailed the notice of denial on January 14, 2009, and it did not receive the plaintiff's request for reconsideration until July 16, 2009 (Doc. 1, p. 37), two days after the expiration of the six-month period.

Significantly, the plaintiff was advised in the denial letter that a request for reconsideration must be received by the agency within six months after the date of the denial (id., p. 33). This requirement is strictly construed. See, e.g., Anderberg v. United States, supra (request for reconsideration received one day after the expiration of the six-month time period was untimely and, therefore, the lawsuit was time-barred).

The plaintiff argues that, pursuant to the mailbox rule articulated in Houston v. Lack, 487 U.S. 266 (1988), his request for reconsideration was timely because he placed it in the prison mail system before the six-month period expired (Doc. 1, pp. 13, 15). In Houston, "the Supreme Court held that a notice of appeal by a pro se prisoner is *filed* when it is *delivered* to prison authorities for forwarding to the district court, rather than filing with the clerk of court." Garvey v. Vaughn, 993 F.2d 776, 780 (11th Cir. 1993)(emphasis in original). Further, this rule has been extended to other prisoner filings. Id. However, "*Houston* is restricted to federal *court* filings: a notice ... given to prison authorities for delivery to a[n] ... entity other than a federal court is not included in *Houston*'s mailbox rule." Id. at 782 n. 15 (emphasis in original). Therefore, the Houston mailbox rule does not apply

to the plaintiff's request for reconsideration submitted to the Department of Veterans Affairs and, therefore, it was untimely.

Under these circumstances, the six-month period to file a FTCA lawsuit is computed from the date of the initial agency denial, which in this case was January 14, 2009 (Doc. 1, p. 33). See, e.g., Stewart v. United States Veterans Administration, 722 F. Supp. 406 (W.D. Tenn. 1989); Parker v. United States, 2009 WL 1065873 (S.D. Ga. 2009). Consequently, the plaintiff's lawsuit, initiated in October 2010, is clearly time-barred, as it was filed long after the expiration of §2401(b)'s six-month limitation.[3]

Moreover, even if this six-month period is computed from the date the plaintiff's request for reconsideration was denied, the lawsuit remains untimely because more than seven months elapsed before he commenced this lawsuit. Thus, the Department of Veterans Affairs denied the plaintiff's request for reconsideration in correspondence dated March 1, 2010 (Doc. 1, p. 36). However, the plaintiff did not place the complaint in the prison mail system until October 25, 2010 (see id., pp. 1, 36). Therefore, the plaintiff's

---

Although the court docket reflects that the plaintiff's complaint was filed on November 8, 2010, the plaintiff's complaint is considered filed on the date he placed it in the prison mail system, which was October 25, 2010. See Garvey v. Vaughn, supra, 993 F.2d at 780.

complaint is time-barred. 28 U.S.C. 2401(b)(a FTCA claim "shall be forever barred unless ... action is begun with six months after the date of mailing ... of notice of final denial of the claim by the agency to which it was presented"); see, e.g., Shoff v. United States, 245 F.3d 1266 (11th Cir. 2001) (affirming the district court's dismissal of the plaintiff's complaint, which was filed seven months after the date of the denial letter).[4]

In sum, the plaintiff has clearly failed to file his complaint within the time limitation mandated by the FTCA. I therefore recommend that the complaint be dismissed pursuant to 28 U.S.C. 1915(e)(2)(B)(ii) and 28 U.S.C. 1915A(b)(1) for failure to state a claim upon which relief may be granted.

Respectfully submitted,

THOMAS G. WILSON
DATED: JULY 1, 2011   UNITED STATES MAGISTRATE JUDGE

---

[4] Moreover, it is noted that the plaintiff has not asserted any circumstances which would warrant equitable tolling. As the Eleventh Circuit explained in Torjagbo v. United States, 285 Fed. Appx. 615, 617-18 (11th Cir. 2008)(unpub. dec.), equitable tolling is a form of extraordinary relief that courts have extended "only sparingly," and only in situations in which a litigant has made an "untimely fil[ing] because of extraordinary circumstances that are both beyond his control and unavoidable even with diligence." Neither the complaint nor the exhibits indicate any such circumstances.

## NOTICE TO PARTIES

Failure to file written objections to the proposed findings and recommendations contained in this report within fourteen days from the date of its service shall bar an aggrieved party from attacking the factual findings on appeal. 28 U.S.C. 636(b)(1).